KEITH D. GROSSMAN (SBN 131335)
kgrossman@hkemploymentlaw.com
HIEU T. WILLIAMS (SBN 280585)
hwilliams@hkemploymentlaw.com
MICHELLE C. FREEMAN (SBN 318908)
mfreeman@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
456 Montgomery Street
Suite 2200
San Francisco, CA  94104
Telephone:  (415) 835-9000
Facsimile:   (415) 834-0443

Attorneys for Petitioner,
HYATT HOTELS CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYATT HOTELS CORPORATION,<br><br>            Petitioner,<br><br>vs.<br><br>UNITE HERE LOCAL 11,<br><br>            Respondent. | Case No. 2:22-cv-5858<br><br>**DECLARATION OF MICHELLE C. FREEMAN IN SUPPORT OF PETITIONER HYATT HOTELS CORPORATION'S MOTION TO VACATE ARBITRATION AWARD**<br><br>(Concurrently filed with: (1) Petitioner Hyatt Hotels Corporation's Motion to Vacate Arbitration Award; Memorandum of Points and Authorities in Support Thereof; and (2) Proposed Order)<br><br>Hearing Date:  TBD<br>Hearing Time:  TBD<br>Hearing Dept.:  TBD |

# DECLARATION OF MICHELLE C. FREEMAN

I, Michelle C. Freeman, do hereby state and declare as follows:

1.  I am an attorney licensed to practice law in the State of California and am an associate with the law firm of Hirschfeld Kraemer LLP, counsel of record for Petitioner Hyatt Hotels Corporation ("Hyatt") in the above-captioned matter. The facts set forth in this Declaration are within my own personal knowledge, and if called as a witness, I could and would competently so testify.

2.  On January 13, 2022, Hyatt and UNITE HERE, Local 11 (the "Union") (collectively the "Parties") engaged in a full-day remote arbitration hearing before Arbitrator JC Gonzalez (the "Arbitrator") regarding a contract interpretation issue that had arisen out of a Memorandum of Agreement ("MOA") the Parties had executed on April 5, 2019. A true and correct copy of the transcript from the January 13, 2022 arbitration hearing is attached hereto as **Exhibit 1**, and a true and correct copy of the MOA the Parties executed is attached hereto as **Exhibit 2**.

3.  Attached hereto as **Exhibits 3** and **4** are, respectively, Hyatt's and the Union's closing briefs submitted following the January 13, 2022, arbitration hearing.

4.  Attached hereto as **Exhibits 5** and **6** are partially redacted true and correct copies of the Hotel Management Agreements ("HMAs") entered into between Hyatt and Relevant Group ("Relevant"), developer and owner of the two hotels covered by the HMAs – the Thompson and Tommie Hollywood Hotels (the "Hotels").

5.  Attached hereto as **Exhibits 7** and **8** are true and correct copies of the Termination of Hotel Management Agreements entered into between Hyatt and Relevant that terminated the HMAs between Hyatt and Relevant covering the Hotels ("Termination Agreements").

6. Attached hereto as **Exhibits 9** and **10** are partially redacted true and correct copies of the Franchise Agreements entered into between Hyatt and Relevant relating to the Hotels.

7. On May 20, 2022, the Arbitrator issued an Arbitration Award ("Award") with respect to the January 13, 2022 arbitration hearing. A true and correct copy of the Award is attached hereto as **Exhibit 11**.

8. Attached hereto as **Exhibit 12** is a true and correct copy of correspondence from Relevant's counsel sent to Hyatt dated September 13, 2019.

9. Attached hereto as **Exhibit 13** is a partially redacted true and correct copy of correspondence from Relevant's counsel sent to Hyatt's counsel dated October 3, 2019.

10. Attached hereto as **Exhibit 14** is a true and correct copy of correspondence from Relevant Group to Jim Chu, a Hyatt Senior Vice President, dated March 9, 2021.

11. On August 10, 2022, I met and conferred via video conference with counsel for the Union, Joshua Young and Nicole Grinstein ("Union Counsel") in compliance with Local Rule 7-3. During the call, I informed Union Counsel that Hyatt intended to file a Motion to Vacate the Arbitration Award ("Motion to Vacate") and the basis upon which Hyatt's motion would be based. After discussion, the Parties agreed that the issues to be raised in Hyatt's Motion to Vacate could not be resolved without Court intervention.

12. During my call with Union Counsel, Union Counsel agreed to accept service of Hyatt's Motion to Vacate including all supporting papers on behalf of the Union by means of electronic service. Attached hereto as **Exhibit 15** is a true and correct copy of the email correspondence I sent to Union Counsel confirming their agreement to accept service on the Union's behalf via electronic service.

13. All Exhibits attached hereto with redactions accurately reflect the redactions to the versions of the Exhibits admitted at the January 13, 2022 arbitration hearing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of August, 2022, in San Francisco, California.

*[signature]*
Michelle C. Freeman